[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to dissolve the 23 year marriage of the parties.
The parties intermarried on September 6, 1969, in New Haven, Connecticut. Each has resided in Connecticut for more than 12 months continuously since the commencement of this action. There are no minor children which are issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has considered the criteria set forth in 46b-81
and 46b-82, Conn. General Statutes, in reaching the decisions reflected in the orders which follow.
The plaintiff wife is 47 years old. She is a high school graduate who has taken some college courses. She enjoys good health.
The plaintiff testified that she was employed by the telephone company at the time of the marriage and that she has worked throughout the marriage except for the pregnancy of the parties' only child. She worked part time for a doctor and in retail stores, and with the Connecticut Water Company. In 1989 she began her employment with the Regional Water Authority as an engineering assistant. She receives a gross weekly salary of $568.94, on average, $2.54 per week as dividends and since December 1992, has received $100.00 per week from the defendant as his court-ordered contribution to the cost of maintaining the marital residence.
The defendant husband is 48 years old. He is a high school graduate who testified that he has worked throughout the 23 years of the marriage. He was initially employed on a poultry farm six days per week and turned his pay over to the plaintiff weekly. CT Page 7039 In 1974 he began working for S W Associates, installers of aluminum siding. The company was partially owned by the plaintiff's father who died in 1984. At that time, the plaintiff maintains, the surviving owner offered the defendant one-half interest in the company. The defendant disputes that fact. He did, however, remain with S W Associates as an employee and he currently receives a gross weekly income of $300.00 and nets $250.00 per week.
From 1980 to 1984 the defendant attended Connecticut School of Electronics and the plaintiff paid the cost of that education. He never actually pursued a job in electronics, having concluded that he preferred the outdoor work available to him as a siding installer with S W Associates. The plaintiff testified that the defendant intentionally limited his work assignments.
There was testimony by the plaintiff concerning the defendant's abuse of alcohol throughout the marriage. The defendant denies that his drinking was a substantial factor in the breakdown of the marriage. The Court agrees.
While each worked and contributed to the family income throughout the marriage, the plaintiff maintains that her earnings went for family expenses and the defendant's income was at his disposal. The Court finds that each made a fair and equitable contribution to the bills and expenses.
The parties' principal assets consist of a residence located at 5 Rose Lane, North Branford. Considerable evidence and testimony, including an appraiser's testimony, was presented to the Court concerning its value.
The court finds that the fair market value of the marital residence is $148,000.00, subject to a mortgage indebtedness of approximately $12,000.00.
The defendant testified that he invested "three months severance pay" and considerable amounts of his own time, sometimes 12 hours per day for seven days a week to construct the marital residence. He was assisted by the plaintiff's father and brother.
The plaintiff is the owner of a one-quarter interest in a house located at 297 Seahill Road, North Branford. She received that interest as an inheritance from her late mother. She owns CT Page 7040 that property jointly with her siblings. The Court finds the value of her interest in that property to be $34,000.00.
The plaintiff has a vested pension with the Connecticut Water Company which will pay her $159.43 per month at age 65. She also has a vested pension with the Regional Water Authority. In addition, she lists on her financial affidavit cash in the amount of $4,000.00.
Having heard the evidence and testimony as it relates to the assets and income of the parties and the apparent reasons for the breakdown of the marriage, the Court enters the following orders.
PROPERTY DISTRIBUTION
I. Real Property
A. The Court awards to the plaintiff the marital residence located at 5 Rose Lane, North Branford. The defendant is ordered to convey his right, title and interest in and to said property to the plaintiff. The defendant shall remove himself and his personal belongings from the property on or before August 20, 1993.
In consideration for his interest in the aforementioned real property, the defendant is to receive from the plaintiff the sum of $68,000.00, which represents approximately fifty (50%) per cent of the parties' equitable interest in that property.
The plaintiff shall be solely responsible for and hold the defendant harmless from the expenses and costs of said real property, including mortgages, taxes, insurance, utilities and maintenance.
The plaintiff shall pay said lump sum amount to the defendant in annual installments of $6,800.00. The first installment payment shall be paid to the defendant within 30 days from the date of this judgment and may be made in cash or in the form of Connecticut Water Company stock in an amount equivalent to said installment, at the plaintiff's election. The remaining installment payments are to be made annually on the anniversary date of this judgment.
B. The court awards to the plaintiff her one-quarter interest in and to the real property known as 297 Seahill Road, CT Page 7041 North Branford, Connecticut.
II. Personal Property
A. The Court awards to the plaintiff the following personal property:
The 1992 Chevrolet S-10 truck;
The 1984 Oldsmobile automobile;
The horse;
 One-half the contents and personal possessions situated in the marital residence;
The New Haven Savings Bank Checking and Savings accounts;
Her interest in the Regional Water Authority pension;
 Her interest in the Connecticut Water Company pension; 82 shares of New Haven Water Company Stock;
The New Haven Savings Bank I.R.A.;
The $4,000.00 cash asset.
B. The Court awards to the defendant the following personal property:
The 1986 Chevrolet S-10 truck;
 One-half the contents and personal possessions situated in the marital residence;
The AIM Fund I.R.A.;
The U.S. Savings Bonds;
The Branford Savings Bank I.R.A.;
The Branford Savings Bank Checking Account.
COUNSEL FEES CT Page 7042
Each party is obligated to pay their respective counsel fees.
Having previously found that the marriage of the parties has broken down irretrievably, the Court enters its judgment that the marriage of the parties is dissolved and that they are single and unmarried.
BY THE COURT
Joseph W. Doherty, Judge